**CHIEF AVA VILI for Himself and the AVA FAMILY OF PAVAIAI, Plaintiffs**

**v.**

**FOMA'I P. LOGOA'I, FAALILIU P. LOGOAI and Her CHILDREN, Defendants**

**AVA V. AVA, Plaintiff**

**v.**

**MIKE MCDONALD, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 32-90
LT No. 36-90

February 19, 1992

■■■■■■■■■■■■■■■■■■■■■■■■■■

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and MAILO, Associate Judge.

Counsel:  For Plaintiffs, Tauese Sunia
For Defendants Foma'i P. Logoai, Faaliliu P. Logoai and Her Children, Asaua Fuimaono

For Defendant McDonald, William H. Reardon

Trial of this case took place January 16 and 17, 1992. The central issue is the resolution of plaintiffs Avas' contention that the land involved, approximately 2.69 acres of a tract called "LALOFUTU" in the village of Pavaiai, is Ava communal land--versus defendants Logoai's claim that this land is individually owned by Faaliliu Logoai and her children.

At the end of plaintiffs Avas' evidence-in-chief, defendants Logoai, joined by defendant McDonald, moved for dismissal on the grounds that: (1) a jurisdictionally required certificate of irreconcilable conflict by the Secretary of Samoan Affairs or his deputy was not on file with this court and (2) plaintiffs Ava lacked standing to sue. The motion was taken under advisement while defendants presented their evidence. At the conclusion of the evidence when the case was submitted for decision, defendant McDonald withdrew his motion to dismiss with respect to the lack of a certificate. However, defendant Logoai's motion to dismiss on this ground is still before the court.

Clearly, there is no certificate of irreconcilable conflict on file in this case. The requirement of these certificates in controversies over communal lands is legislated at A.S.C.A. § 43.0302. While it may ultimately be determined that the land in question is individually owned by the defendants Logoai and her family, defendants Avas' assertion that this land is Ava communal land brings this statute into play.

Strictly, this action should not have been filed with this court without an accompanying certificate of irreconcilable conflict, but this requirement is procedural and may be corrected by the later filing of a certificate. The lack of a certificate however, is a jurisdictional mandate.

IT IS ORDERED that plaintiffs Ava file a certificate of irreconcilable conflict by the Secretary of Samoan Affairs or his deputy setting forth the events and the status of this controversy in conformance with A.S.C.A. § 43.0302(a) no later than 60 days after the date of this order.

This time period is established to afford sufficient opportunity to meet the 20 days notice of hearing required for each of the two (2) hearings that must be held to comply with A.S.C.A. § 43.0302(a).

52

If plaintiffs fail to timely file the mandated certificate of irreconcilable conflict, their action must be dismissed. If the certificate is filed, the court will proceed with the decision in this matter.

The standing to sue issue remains to be determined.